Filed 6/13/22  P. v. Bretz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DREW PATTERSON BRETZ,<br><br>    Defendant and Appellant. | F082687<br><br>(Super. Ct. No. F17903791)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Francine Zepeda, Judge.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

Appointed counsel for defendant Drew Patterson Bretz asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. After requesting supplemental briefing, we vacate the portion of the judgment ordering payment of a probation report fee and an administration fee. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On August 31, 2018, the Fresno County District Attorney charged defendant with 29 counts alleging crimes occurring on 16 separate dates. The information further alleged defendant had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)),[1] had suffered a prior serious felony conviction (§ 667, subd. (a)), and had served two prior prison terms (§ 667.5, subd. (b)).

On December 3, 2020, defendant pled no contest to domestic violence (§ 273.5, subd. (a); count 1) and conspiring to dissuade a victim or witness (§ 136.1, subd (c)(2); count 15), and he admitted personally using a firearm (§ 12022.5, subd. (a)) in the commission of count 1 and having suffered a prior strike conviction. His plea was in exchange for a stipulated 18-year sentence.

On February 8, 2021, the trial court sentenced defendant to the agreed-upon 18 years in prison, as follows: on count 1, eight years (the upper term of four years, doubled pursuant to the Three Strikes law), plus a four-year firearm use enhancement; on count 15, six consecutive years (the midterm of three years, doubled pursuant to the Three Strikes law). The court awarded credits and imposed various fines and fees.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

On April 21, 2021, defendant filed a notice of appeal. The trial court denied his request for a certificate of probable cause.

## FACTS

The following facts underlying counts 1 and 15, the two counts to which defendant pled, are taken from the probation report.

"On January 18, 2017, [the confidential victim (CV)] went to a friend's … house …; after her visit, [defendant] picked CV up to take her home. Initially, [defendant] was in a 'good mood;' however, CV had to stop at a pizza place to use the bathroom. When she exited, [defendant] had moved the car. CV asked if he was joking and if he was 'going to be nice,' but as they began driving, [defendant] became angry and accused CV of being unfaithful. He pointed a gun to the side of CV's head, then put the gun in her mouth, and then struck the left side of her head and face with the 'butt' of the gun.

"Due to CV's brain tumor, she suffers from seizures, which are brought on by loud noises, bright lights, or stress. After [defendant] struck her with the gun, CV 'blacked out' or had a seizure. When she awoke, she was lying across the seat and [defendant] was punching the right side of her back. While CV's head was bleeding, [defendant] bit her left ear.

"[Defendant] then drove CV to the backside of Millerton Lake and stopped on a dirt road. He yelled at her, called her names, and then retrieved a knife, asking her if she 'wanted fingers or toes [removed].' CV feared [defendant] was going to cut off her fingers and torture her before killing her. He then threatened to kill CV, placed the gun between her legs, then to the right side of her head, and fired one round, causing CV to have a seizure and 'blank out [*sic*].'

"When CV 'came to,' [defendant] was still upset, but she convinced him not to kill her and to drive back to Fresno. Once home, everything was calm for the rest of the night."

After defendant's arrest, he asked a fellow inmate to intimidate CV upon his release and to make her recant her accusations.

## DISCUSSION

The parties agree, as do we, that we must vacate both the probation report fee (§ 1203.1b) and the administration fee (§ 1203.1, subd. (*l*)) imposed in this case.

While this appeal was pending, the Legislature passed Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Stats. 2020, ch. 92, § 62), which adopted section 1465.9, amended by Assembly Bill No. 177 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 257, § 35), and Government Code section 6111 (Stats. 2020, ch. 92, § 11). These statutory provisions provide that the enumerated fines and fees may not be collected after July 1, 2021. In this case, the probation report fee and administration fee imposed by the trial court became unenforceable and uncollectible, and any portion of the judgment imposing the unpaid balance of these fees must be vacated.

We find no other evidence of any arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The balances of the probation report fee (§ 1203.1b) and the administrative fee (§ 1203.1, subd. (*l*)) that remain unpaid as of July 1, 2021, are vacated. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward a copy to the appropriate entities.